ORIGINAL

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

RODSONGS, EDWIN H. MORRIS & COMPANY, A DIVISION OF MPL COMMUNICATIONS, INC., CHARLES STROUSE, EMI APRIL MUSIC INC., PHIL VASSAR MUSIC, KIPAHULU MUSIC CO., ALMO MUSIC CORP., FAMOUS MUSIC CORPORATION

Plaintiff,

v.

KYMN, INC. and WAYNE T. EDDY

Defendant

---

Civil Action No.00-695 RHK/JMM

**FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER FOR JUDGMENT**

Plaintiffs moved this Court for entry of a default judgment based on the pleadings and files of record. The Court was informed and the file indicated that service of the Complaint was made on defendants on March 17, 2000 and that no Answer or other appearance has been served or filed by or on behalf of defendants. Based on the pleadings and files of record, and the Court being fully advised, the Court makes the following:

**FINDINGS OF FACT**

1. Defendants KYMN, Inc. and Wayne T. Eddy did at all times hereinafter mentioned own, control, manage, operate and maintain a radio station known by the call letters KYMN in Northfield, Minnesota.

FILED JUN 28 2000
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD JUN 28 2000
DEPUTY CLERK

2. Defendant Wayne T. Eddy is the President and owner of KYMN, Inc. with primary responsibility for the control, management, operation and maintenance of the affairs of said corporation.

3. At the time of the acts of infringement described in the Complaint, plaintiffs were and still are the owners of valid United States copyrights in and to the musical compositions "You're Never Fully Dressed", "Give Me the Night", "I'm Alright", "Magical Mystery Tour", "But It's Alright", "Look of Love", "As Long as You Love Me", "Pictures of Matchstick Men", "Aubrey", "Sultans of Swing" as set forth in the Complaint.

4. The record is clear that defendants were repeatedly advised of their obligations under the Copyright Laws and refused to obtain permission to perform plaintiffs' copyright music.

5. On the dates indicated in the Complaint, defendants willfully infringed said copyrights by giving public performances of the compositions at Sidelines Sports Bar and defendants may continue such infringing performances in the future.

## CONCLUSIONS OF LAW

Plaintiffs are entitled to the relief demanded in their Complaint, namely an injunction, statutory damages and an award of costs, including reasonable attorneys' fees.

Upon the foregoing, **IT IS ORDERED** that without security an injunction in the following form issue:

> **IT IS ORDERED AND DECREED** that the defendants KYMN, Inc. and Wayne T. Eddy and all persons acting under their direction, control, permission or authority are permanently

**ENJOINED** from publicly performing any copyrighted compositions owned by plaintiffs as well as other copyrighted musical compositions in the repertory of the American Society of Composers, Authors and Publishers and from causing or permitting said compositions to be publicly performed in any place owned, controlled, or conducted by defendants, or from aiding or abetting the public performances of any such compositions in any such place or otherwise without the permission of copyright owner or unless or until licensed to do so by plaintiffs or the American Society of Composers, Authors and Publishers as their agent.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that the plaintiffs have and recover from the defendants the sum of $36,000.00 as statutory damages plus $812.00 in attorneys' fees and $405.00 in costs, or a total of $37,217.00

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: June 28, 2000

RICHARD H. KYLE
United States District Judge

# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

## CIVIL NOTICE

DATE MAILED TO COUNSEL/PRO SE PARTIES: JUN 28 2000

The purpose of this notice is to summarize the time limits for filing with the District Court Clerk's Office a Notice of Appeal to the Eighth Circuit Court of Appeals from a final decision of the District Court in a civil case.

***This is a summary only. For specific information on the time limits for filing a Notice of Appeal, review the applicable federal civil and appellate procedure rules and statutes.***

Rule 4(a) of the Federal Rules of Appellate Procedure (Fed. R. App. P.) requires that a Notice of Appeal be filed within:

1. Thirty days (60 days if the United States is a party) after the date of "entry of the judgment or order appealed from;" or

2. Thirty days (60 days if the United States is a party) after the date of entry of an order denying a timely motion for a new trial under Fed. R. Civ. P. 59; or

3. Thirty days (60 days if the United States is a party) after the date of entry of an order granting or denying a timely motion for judgment under Fed. R. Civ. P. 50(b), to amend or make Additional findings of fact under Fed. R. Civ. P. 52(b), and/or to alter or amend the judgment under Fed. R. Civ. P. 59; or

4. Fourteen days after the date on which a previously timely Notice of Appeal was filed.

If a Notice of Appeal is not timely filed, a party in a civil case can move the District Court pursuant to Fed. R. App. P. 4(a)(5) to extend the time for filing a Notice of Appeal. This motion must be filed no later than 30 days after the period for filing a Notice of Appeal expires. If the motion is filed after the period for filing a Notice of Appeal expires, the party bringing the motion must give the opposing parties notice of it. The District Court may grant the motion, but only if excusable neglect or good cause is shown for failing to file a timely Notice of Appeal.

C:\FORMS\APPEAL NO. CIV
Rev. August 11, 1995